DECISION AND JOURNAL ENTRY
Defendant, Brian Cruz, has appealed from his convictions for involuntary manslaughter and child endangering by the Lorain County Court of Common Pleas. We affirm.
On September 26, 1997, Defendant was indicted on one count of involuntary manslaughter, in violation of R.C. 2903.04(A); one count of felonious assault, in violation of R.C. 2903.11(A)(1); one count of child endangering, in violation of R.C. 2919.22(A); and one count of child endangering, in violation of R.C.2919.22(B)(3). Following a jury trial, Defendant was found guilty of involuntary manslaughter and one count of child endangering and sentenced to eight years incarceration. Defendant timely appealed and has raised one assignment of error for review.
ASSIGNMENT OF ERROR
 The judgment of conviction of involuntary manslaughter and child endangering are against the manifest weight of the evidence and contrary to law and the trial court erred when it overruled [Defendant's] motion for acquittal pursuant to Ohio Criminal Rule 29.
 In his sole assignment of error, Defendant has argued that his convictions were against the manifest weight of the evidence and insufficient as a matter of law. This court disagrees.
The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380,390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. "Becausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Upon review of the evidence presented at trial, Defendant's convictions were supported by the manifest weight of the evidence and thus were not insufficient as a matter of law. R.C.2919.22(A) provides in part:
 No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support.
 A violation of R.C. 2919.22(A) is a felony of the third degree if the violation results in serious physical harm to the child. R.C. 2919.22(E)(2)(c). R.C. 2903.04(A) provides in part, "[n]o person shall cause the death of another * * * as a proximate result of the offender's committing or attempting to commit a felony."
The evidence presented at trial established that while in Defendant's care, Taylor Stevens, a five-month-old child, suffered severe intracranial injuries and died as a result of those injuries. Defendant originally told the 911 operator, the personnel at the hospital, and the police that he had tossed her in the air, tossed her too far out over the stairs, was unable to catch her, dove down the stairs holding her, and slid across the landing with her beneath him. The police testified that the condition of Defendant following the accident and the condition of the stairs was inconsistent with Defendant's original story.
During the course of the investigation, Defendant changed his story and stated instead that he tossed the child in the air, inadvertently turned her in mid-air, and was unable to catch her before her head struck the ground. The Cuyahoga County Coroner, the child's treating physician, and the medical director of child advocacy and protection at Rainbow Babies and Childrens Hospital all testified that the child died as a result of shaken baby/shaken impact syndrome.[1] Each of these individuals testified that the constellation of her injuries was inconsistent with a fall and furthermore was inconsistent with Defendant's various stories. Defendant presented one witness who refuted this conclusion and instead postulated that the child died as a result of a fall. The credentials of this witness were called into question by several inaccuracies on his curriculum vitae.
Defendant additionally admitted to the police officers during the course of the investigation that he "shook the heck out of it" and that he shook her "pretty damn hard." Defendant claims that these statements referred to his actions when he was trying to revive the baby after she struck the floor and was rendered unconscious. A medical expert testified, however, that the injuries suffered by baby Taylor were inconsistent with someone shaking a child to revive it.
Therefore, upon review of all of the evidence, the jury's conclusion that Defendant violated his duty of care to Taylor by shaking her violently and thereby causing her death was not against the manifest weight of the evidence and thus was supported by sufficient evidence as a matter of law.
Defendant's assignment of error is without merit and is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT BAIRD, P. J.
CARR, J.
 CONCUR
[1] Shaken baby/shaken impact syndrome refers to a series of injuries to the brain which result from violent shaking of a small child whose weak neck muscles permit tremendous acceleration and deceleration movement of the brain within the skull.